UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-08965-SVW-RAO | Date | November 19, 2025 |
|---|---|---|---|
| Title | *Ernest Scoggan v. Costco Wholesale Corporation et al* | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|
| Daniel Tamayo | N/A |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND [21]

## I. Introduction

Before the Court is Plaintiff Ernest Scoggan's motion to remand. ECF No. 21. For the following reasons, the motion is GRANTED.

## II. Relevant Background

On August 19, 2025, Plaintiff Scoggan filed a class action complaint in the Superior Court of California, County of Los Angeles, alleging (1) violations of California's Unfair Competition Law, (2) violations of California's False Advertising Law, (3) violations of California's Consumer Legal Remedies Act, (4) violations of Washington's Consumer Protection Act, (5) breach of contract, and (6) unjust enrichment by Defendant Costco Wholesale Corporation ("Costco"). Complaint ("Compl."), ECF No. 1-1 ¶¶ 35 – 88. Generally, Plaintiff alleged that Costco overcharged consumers by surreptitiously inflating the price of some items listed for purchase online, such that those products are more expensive when ordered over the internet for delivery than they would be if purchased at a physical Costco store. Id. ¶¶ 3, 5. As alleged, the purpose of this scheme was for Costco to deceive online customers into believing they were benefitting from waived or low-cost delivery fees, while Costco secretly recouped at least some of those costs through inflated online prices. Id. ¶¶ 1, 2, 4, 6. The putative class includes all online customers, who made purchases for delivery from Costco's website within the applicable statute of limitations and were charged more per product than they would have been in a Costco store. Id. ¶ 27.

:

| Initials of Preparer | DTA |
|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-08965-SVW-RAO | Date | November 19, 2025 |
|---|---|---|---|
| Title | *Ernest Scoggan v. Costco Wholesale Corporation et al* | | |

On September 19, 2025, Costco removed the case to federal court. ECF No. 1. Costco argued that jurisdiction is proper in this Court under the Class Action Fairness Act ("CAFA"), because the aggregate number of class members exceeds 100, there is minimal diversity of citizenship between the parties, and the amount in controversy exceeds $5,000,000, exclusive of interests and costs. Id. ¶ 9; Fed R. Civ. P. §§ 1453, 1332(d)(2), 1332(d)(5)(b). On October 17, 2025, Plaintiff moved to remand. ECF No. 21.

**III.    Legal Standard**

"'Federal courts are courts of limited jurisdiction.'" *Nieratko v. Ford Motor Co.*, No. 21-cv-01112-BAS-BGS, 2021 U.S. Dist. LEXIS 185773, *3 (S.D. Cal. Sept. 28, 2021) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994)). Accordingly, federal courts may only hear cases as authorized by the Constitution and by statute. *Id.* Unless otherwise limited, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

In seeking removal under CAFA, the defendant bears the burden of establishing federal jurisdiction. *See Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). To meet this burden, the defendant must include "only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" in its notice of removal. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89. Only when the amount in controversy is challenged, must the defendant show, by a preponderance of the evidence, that the amount-in-controversy requirement is met. *Harris v. KM Indus., Inc.*, 980 F.3d 694, 699 (9th Cir. 2020). "The parties may submit evidence outside the complaint, including affidavits or declarations, or other 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Ibarra*, 775 F.3d at 1197 (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)).

Unlike cases removed under diversity jurisdiction, there is no antiremoval presumption in CAFA cases. *Dart Cherokee*, 5744 U.S. at 89. Moreover, the defendant "need not make the plaintiff's case for it or prove the amount in controversy beyond a legal certainty." *Harris*, 980 F.3d at 701 (citing *Dart Cherokee*, 574 U.S. at 88–89). "[I]n assessing the amount in controversy, a removing defendant is permitted to rely on 'a chain of reasoning that includes assumptions.'" *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019) (quoting *Ibarra*, 775 F.3d at 1199). However, such assumptions must be "founded on the allegations of the complaint. *Id.* A defendant may not rely on "mere speculation and conjecture" or "unreasonable assumptions" to establish removal jurisdiction. *Ibarra*, 775 F.3d at 1197.

:

Initials of Preparer    DTA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-08965-SVW-RAO | Date | November 19, 2025 |
|---|---|---|---|

| Title | *Ernest Scoggan v. Costco Wholesale Corporation et al* |
|---|---|

**IV.   Discussion**

The Court finds that Defendant Costco has not met its burden to establish by a preponderance of the evidence that the amount in controversy is sufficient to permit federal jurisdiction. First, the amount in controversy is not clear from the complaint. In fact, the complaint fails to allege even how much the named Plaintiff was overcharged by Defendant, let alone the aggregate damages to the putative class. *See* Compl. ¶ 20 (alleging only that Plaintiff's order was for $106.76 and that "several of the products" were more expensive than they would have been in-store but failing to allege the amount of the overcharge); *see also* id. ¶ 24 (alleging only that Plaintiff was overcharged by "additional, undisclosed amounts"). As for the damages to the putative class, Plaintiff merely alleged that "often" products were "more expensive" when purchased online, but the complaint was broadly indefinite as to which prices Costco had inflated, or by how much. *See* id. ¶ 17.

Costco nonetheless argues that the amount in controversy exceeds the statutory minimum, though it offers little evidence to support this contention. Costco has not provided the Court, for instance, with price comparisons of its in-store and online products or damages estimations based on an analysis of itemized, online orders. Instead, Costco offers two arguments:

*First*, Costco argues that a floor for compensatory damages in controversy can be established by assuming class action Plaintiffs seek to recover at least $3 for *every* online order exceeding $75. Opposition ("Opp."), ECF No. 24 at 9-10. Costco argues that since there were more than 5 million orders of that size placed in a one-year period, the amount in controversy is easily reached. Id. at 10. However, the Court finds that it is not reasonable to base a damages calculation on the assumption that Costco added a $3.00 upcharge to every online order over $75—an allegation made nowhere in the underlying complaint. Plaintiff alleges only that Costco has inflated the online prices of *some*, unidentified products. There is no basis for the assumption that at least one of those inflated-price products would appear even in every *thousand* large, online orders. The assumption, without any supporting evidence, that a violation occurred in *every* large, online order is therefore speculative and unreasonable. Moreover, the assumption that $3 per overcharged order is a fair calculation of compensatory damages is similarly speculative. By Costco's calculation, even the amount of Plaintiff's alleged overcharge was only $2.50. Opp. at 15. It would be unreasonable to assume an average violation of $3, when the only violation actually alleged represented less than 85% of that amount.

*Second*, and alternatively, Costco argues that a floor for compensatory damages in controversy can be established by assuming Plaintiffs will seek restitution for $2.50 in overcharges for every order over

:

Initials of Preparer    DTA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-08965-SVW-RAO | Date | November 19, 2025 |
|---|---|---|---|
| Title | *Ernest Scoggan v. Costco Wholesale Corporation et al* | | |

$75 from Costco *Grocery*. Id. An amount in controversy of $2.50 per upcharged online order is likely reasonable, as it is extrapolated from the upcharge alleged by the one, named Plaintiff. However, again, it is unreasonable to assume that *every* order—even when limited to *grocery* orders—contained an upcharge. Plaintiff makes no such allegation in the complaint, and Defendant has provided no evidence that would permit the reasonable inference that every product in its grocery line, or a grocery product that appears in every online order, has an inflated price when purchased online.

Overall, Plaintiff's complaint makes no specific allegations that can be used to calculate the damages sought in compensation for Costco's alleged scheme, because Plaintiff does not allege which products have secretly inflated online prices, or the extent of those upcharges. Moreover, Defendant has not provided any evidence that would shed more light on the issue. As such, with the amount in controversy undetermined, Defendant has not met its burden to establish that this Court may properly exercise subject matter jurisdiction over this case.

### V.    Conclusion

For the foregoing reasons, Plaintiff's motion is GRANTED. This case is REMANDED to California Superior Court, County of Los Angeles for further proceedings.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | DTA |